# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE E. LULE, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 1:15-cv-01631 - JLT <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) <br><br> (Doc. 21) |

Marie E. Lule seeks an award for attorney's fees and expenses pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 21) Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Defendant"), opposes the motion. (Doc. 22)

Because the Administrative Law Judge's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the Commissioner fails to show the decision, or the defense thereof, was substantially justified. Accordingly, Plaintiff's motion for attorney fees under the EAJA is **GRANTED** in the amount of $**4,677.50**.

## I.     Relevant Procedural History

Plaintiff initiated the action before this Court on October 26, 2015, seeking judicial review of the decision denying her application for benefits under the Social Security Act. (Doc. 1) The Court found the ALJ erred in evaluating the medical evidence and rejecting the opinions of Plaintiff's treating

1

physician. (Doc. 19 at 8-11) Therefore, the Court remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id*. at 12)

Following the entry of judgment, Plaintiff filed the application for fees under the Equal Access to Justice Act ("EAJA") now pending before the Court on March 21, 2017. (Doc. 21) Defendant filed an opposition to the motion on April 5, 2017 (Doc. 22), to which Plaintiff filed a reply on April 21, 2017 (Doc. 23). Including time spent on the reply, Plaintiff seeks a total award of $4,905. (*Id.* at 6)

## II. Requests for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

2

**III.   Discussion and Analysis**

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant 42 U.S.C. § 405(g). (Doc. 19) Defendant does not dispute that Plaintiff is a prevailing party, but argues the position of the Commissioner was substantially justified. (Doc. 22 at 2-3)

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that the government's position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, Defendant must demonstrate "the action or failure to act by the agency" was substantially justified. Second, Defendant must establish the position taken in the civil action was substantially justified. *Id.* Thus, the Court must find that both the ALJ's decision *and* the Commissioner's arguments to this Court in defense of the administrative decision must have been substantially justified. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998); *see also Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action").

Finding that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own Regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

**A.   The ALJ's decision**

Defendant argues that "substantial justification exists for the underlying agency action." (Doc. 22 at 3, emphasis omitted) According to Defendant, the ALJ's decision to give "little weight" to the opinion of Plaintiff's treating physician, Dr. Boniske, "had a reasonable basis in law and fact." (*Id.* at

4) Specifically, Defendant contends that "the ALJ gave legally legitimate reasons for assigning little weight to Dr. Boniske's opinion," including internal inconsistencies and inconsistencies with the record as a whole. (*Id.*) In addition, Defendant asserts the ALJ's basis in fact because "all of the inferences upon which it rested had substance in the record." (*Id.*, quoting *Hardisty v. Astrue*, 592 F.3d 1072 (9th Cir. 2010). According to Defendant:

> The Court concluded that evidence of stability did not necessarily indicate non-disability, and relied on an unpublished district court case for that conclusion (CR 19 at 10). Although the Court reasonably found that decision persuasive, its nonbinding nature illustrates that the Commissioner was substantially justified in defending this position. Similarly, the Court's finding that the large number of medications Plaintiff took contradicted the ALJ's finding that conservative treatment relieved Plaintiff's allegedly disabling symptoms relied on another unpublished district court case (CR 19 at 10-11). Again, the Commissioner's position both in the agency and before this Court were substantially justified notwithstanding this non-binding (even if persuasive) authority.

(Doc. 22 at 6)

In evaluating the medical evidence, the ALJ gave less weight to Dr. Boniske's opinion because it was "overly restrictive and the medical evidence of record does not support it." (Doc. 9-3 at 30) Further, the ALJ found the opinion was undermined by Plaintiff receiving "conservative treatment." (*Id.*) The Ninth Circuit determined that an opinion may be rejected where there are internal inconsistencies within a physician's report, and it is "unsupported by the record as a whole." *See, e.g., Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *Mendoza v. Astrue*, 371 Fed. Appx. 829, 831-32 (9th Cir. 2010). Likewise, an ALJ may reject an opinion where the physician "prescribe[s] a conservative source of treatment." *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Thus, the reasons articulated by the ALJ had a reasonable basis in law, as Defendant argues.

Significantly, however, simply identifying reasons to reject a physician's opinion is not sufficient. Because the ALJ failed to set forth "a detailed and thorough summary of the facts and conflicting clinical evidence," her evaluation of the medical evidence was contrary to the standards established by the Regulations and the Ninth Circuit. *See Cotton v. Bowen,* 799 F.2d 1403, 1408 (9th Cir. 1986) (when an ALJ believes a treating physician's opinion is unsupported by the objective medical evidence, the ALJ must "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings"); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective

4

findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required"). Because the ALJ did not meet this burden, the evaluation of the medical evidence was contrary to the standards established by the Regulations and the Ninth Circuit.

Moreover, although the Court cited unpublished opinions that were analogous to the matter before the Court[1], the citations were merely to illustrate the fact that other courts have considered similar facts and reached the same conclusion: that the ALJ erred in reviewing the medical evidence. Given the inadequacy of the ALJ's decision, Defendant has not shown the action by the agency was substantially justified. *See* 28 U.S.C. § 2412(d)(2)(D). Further, the legal authority demonstrating is extensive and the Regulation is plain that the ALJ failed in his most basic duty to set forth a comprehensive summary of facts and the conflicting clinical evidence to reject the treating doctor's opinion. Added to this is the fact that the Court is prohibited from "filling in the gaps" for the errant ALJ. Thus, there was no hope that the Defendant could prevail in this Court. Consequently, the Court finds that defense of the ALJ's opinion was not substantially justified. *Sampson*, 103 F.3d at 921.

**B.     Award of Fees**

Because the Commissioner's position was not substantially justified, Plaintiff is entitled to an award of attorney's fees under the EAJA. Here, Plaintiff seeks an award of $4,905.15, which includes 23.6 hours by Brian Shapiro, Plaintiff's counsel, and 3.20 hours by Enedina Perez, a paralegal. (*See* Doc. 21-1 at 1-2; Doc. 23 at 1) Defendant does not contend the time expended was unreasonable. However, the burden is on Plaintiff to demonstrate that the fees requested are reasonable. *See Hensley*, 461 U.S. at 434, 437; *Atkins*, 154 F.3d at 988.

 1.     Time expended by counsel

Plaintiff's counsel Brian Shapiro reports that he spent 20.9 hours on the action through the filing of the request for fees, with an additional 2.7 hours on the reply to Defendant's opposition. (Doc. 23 at 1-2) In support of this, Mr. Shapiro submitted a time sheet indicating the number of hours expended on tasks that included reviewing the record, preparation of the confidential letter brief, and preparing the

---

[1] As of January 1, 2007, both unpublished dispositions and unpublished orders may be cited as persuasive authority. *See Animal Legal Def. Fund v. Veneman*, 490 F.3d 725, 733 (9th Cir. 2007).

5

opening brief in the action. (Doc. 21-1 at 1-2) The Court finds the time spent Mr. Shapiro spent on the identified tasks was reasonable for this action.

Mr. Shapiro requests an hourly rate of 190.89 for his time (Doc. 21 at 7), which is consistent with the statutory maximum rate, including adjustments for the increases in costs of living for hours completed in 2015 and 2016. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited May 9, 2017); *see also Thangaraja v. Gonzales, 428* F.3d 870, 876-77 (9th Cir. 2005) (approving of the prescribed EAJA rate, which includes increases tied to the consumer price index). Accordingly, the Court finds the requested award of $4,505.00 for Mr. Shapiro's time is reasonable.

### 2. Time expended by the paralegal

Paralegal fees for services customarily billed to a client are also recoverable under EAJA. *See Richlin Sec. Serv. Co. v. Chertoff,* 553 U.S. 571, 589 (2008). Here, Plaintiff seeks an award of $400 for the tasks expended by Ms. Perez, which includes 3.20 hours of work at a rate of $125 per hour. (*See* Doc. 21-1 at 1)

As an initial matter, "costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable." *Kirk v. Berryhill*, 2017 U.S. Dist. LEXIS 41832 at *12 (E.D. Cal. Mar. 22, 2017), quoting *Bakewell v. Astrue*, 2013 U.S. Dist. LEXIS 34245 (D. Or. Jan. 9, 2013); *see also Nadarajah v. Holder*, 569 F. 3d 906, 921 (9th Cir. 2009) (reducing the number of hours billed at paralegal rate for the performance of clerical work). This Court has determined tasks such as preparing service documents, filing documents, preparing a consent form, and reviewing receipts from the Court are clerical in nature. *See id.* at *12-13. Accordingly, the hours reported by Ms. Perez will be reduced by 0.9 for clerical tasks, including her receipt and review of the Court's scheduling order, service of documents, preparation of proof of service, and preparation of the consent form.

Although the EAJA does not set a maximum rate of compensation for paralegals such as Ms. Perez, the EAJA permits compensation in line with rates "in the community for similar services by paralegals of reasonably comparable skill, experience and reputation." *Nadarajah v. Holder*, 569 F. 3d 906, 918 (9th Cir. 2009) (citation omitted); *Richlin Sec. Serv. v. Chertoff*, 553 U.S. 571, 578, 588-89

(2008) (paralegal fees may be awarded at prevailing market rates under the EAJA). Courts in the Eastern District of California have determined that the prevailing hourly paralegal rate is $75 per hour. *See, e.g., Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Ed.*, 2016 U.S. Dist. LEXIS 109451 at *43 (E.D. Cal. Aug. 17, 2016) ("the local rate for paralegals is $75 per hour"); *see also Orr v. California Highway Patrol,* 2015 U.S. Dist. LEXIS 170862 at *13 (E.D. Cal. Dec. 22, 2015) ("courts in this district have generally found that $75 is an appropriate hourly rate for paralegals"). Because Plaintiff has provided no information regarding the experience, skill, or reputation of the paralegal who worked on this matter that would allow it to conclude that her time should be compensated at a higher level, the Court will reduce the fee award for time expended by Ms. Perez to $75 per hour to bring it in line with the market rate in the Eastern District of California.

### C. Assignment of the Fee Award

Plaintiff requests that the EAJA fee award be made payable to counsel, pursuant to a fee agreement she signed. (*See* Doc. 21 at 10-11; *see also* Doc. 21-3) Defendant contends that "any fees awarded must be paid directly to Plaintiff." (Doc. 22 at 7). As Defendant observes, in *Astrue v. Ratliff*, 560 U.S. 586 (2010) the Supreme Court determined that EAJA fees must be made payable to the "prevailing party." As a result, the payment is subject to a government offset to satisfy any pre-existing debt owed by a claimant. *See Astrus*, 560 U.S. at 592-93.

Notably, under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70. In addition, the Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich v. Colvin*, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).

Because Plaintiff has assigned her rights to counsel, the EAJA fees should be made payable directly to Plaintiff's counsel, subject to any government debt offset and the government's waiver of the Anti-Assignment Act requirements. *See Yesipovich*, 166 F.Supp at 1011; *see also Beal v. Colvin*, 2016 U.S. Dist. LEXIS 124272 (N.D. Cal. Sept. 13, 2016) (finding that where there was "no

information on whether plaintiff owes any debt to the government[,]…the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to the government's waiver of the requirements under the Anti-Assignment Act"). If the government chooses to not accept the assignment, payment shall be made to Plaintiff, and mailed to her attorneys.

### IV. Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it to this Court were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). With the reduction set forth above, counsel is entitled to compensation in the amount of **$4,677.50**.

Accordingly, the Court **ORDERS**:

1. Plaintiff's motion for attorney's fees is **GRANTED** in the modified amount of **$4,677.50**;
2. Defendant **SHALL** determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, make the payment payable to Plaintiff. If the Government decides to accept the assignment of fees, payment SHALL be made payable to Counsel; and
3. Payment **SHALL** be mailed to Plaintiff's counsel of record, Brian Shapiro.

IT IS SO ORDERED.

Dated: **May 9, 2017**           **/s/ Jennifer L. Thurston**
                                 UNITED STATES MAGISTRATE JUDGE